UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEMPAY INC.,
an Ohio corporation,

    Plaintiff,

v.

Case No.

BILTRES STAFFING OF TAMPA
BAY, LLC, a Florida limited liability
company, OTTO BILTRES and
CONSTANDINA I. BILTRES,
individuals,

    Defendants.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, TemPay Inc. ("TemPay") sues Defendants, Biltres Staffing of Tampa Bay, LLC ("Biltres Staffing"), Otto Biltres and Constandina I. Biltres (collectively the "Biltres Defendants") and states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Ohio and Defendants are citizens of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

### FACTUAL BACKGROUND

3. TemPay is an Ohio corporation specializing in payroll funding and accounts receivable factoring, with its principal place of business in Ohio.

4. Biltres Staffing is a Florida limited liability company. It is purportedly a full service temporary staffing company with its principal place of business in Florida.

5. Otto Biltres is an individual who is a citizen of Florida, and is domiciled in Tarpon Springs, Pinellas County, Florida. Upon information and belief, Otto Biltres is the President of Biltres Staffing.

6. Constandina Biltres is an individual who is a citizen of Florida, and is domiciled in Tarpon Springs, Pinellas County, Florida. Constandina Biltres is the wife of Otto Biltres and is a manager/member of Biltres Staffing.

7. On or about March 27, 2008, TemPay and Biltres Staffing entered into a Master Factoring Agreement (the "March 2008 Agreement"), whereby Biltres Staffing agreed to sell, and TemPay agreed to purchase, certain accounts receivable of Biltres Staffing. Otto Biltres signed the March 2008 Agreement as President of Biltres Staffing, and both Otto and Constandina Biltres personally guaranteed the March 2008 Agreement. A true and correct copy of the March 2008 Agreement is attached hereto as **Exhibit A.**

8. From the inception of the parties' relationship, both the number of invoices submitted by Biltres Staffing and the invoice balances for the accounts purchased by TemPay increased steadily each month.

9. On or about April 20, 2011, TemPay and Biltres Staffing entered into a Master Factoring Agreement (the "April 2011 Agreement"), whereby Biltres Staffing again agreed to sell, and TemPay agreed to purchase, certain accounts receivable of Biltres Staffing. Otto Biltres signed the April 2011 Agreement as President of Biltres Staffing, and both Otto and Constandina Biltres again personally guaranteed the April 2011 Agreement. A true and correct copy of the April 2011 Agreement is attached hereto as **Exhibit B.**

10. Pursuant to the April 2011 Agreement, TemPay and Biltres Staffing have an advance factoring relationship. As such, TemPay provides financing to Biltres Staffing in the form of a cash advance in the amount of 85% of the purchased receivables. The balance of the invoice amount is paid to Biltres Staffing, less TemPay's commission and other charges, upon payment of the invoice in full to TemPay.

11. After the parties entered into the April 2011 Agreement, TemPay purchased receivables from four of Biltres Staffing's purported customers: Aluminum Coils, Inc., Lennar Manufacturing, Inc., Miller Contracting, Inc., and RBA Print Communications (collectively the "Biltres Staffing customers").

12. After TemPay advanced 85% of the weekly invoices from the four customers to Biltres Staffing (as determined by invoices and supporting documentation submitted to TemPay by Otto Biltres), TemPay typically received full payment on those invoices 45 to 60 days later. Payment of the invoices was made through checks purportedly from the customer, forwarded to TemPay by Otto Biltres.

13. Pursuant to Section 12.1 of the April 2011 Agreement, TemPay is irrevocably appointed Biltres Staffing's attorney-in-fact, and is given full authority, from time to time in TemPay's discretion, to take any action and to execute any instrument which TemPay may deem necessary to accomplish the purposes of the April 2011 Agreement. This authority includes, but is not limited to, authority to sign in the name of and on behalf of Biltres Staffing, any document to pledge and collect the Assigned Accounts and other Collateral; to verify with customers all Assigned Accounts; to send various requests to customers; to ask, demand, collect, sue for, or otherwise recover monies due under the Assigned Accounts; to receive, endorse and collect any drafts or documents; and file any claims or take any action for the collection of the Collateral.

14. Pursuant to Section 5 of the April 2011 Agreement, Biltres Staffing granted TemPay a continuing security interest in all of Biltres Staffing's right, title and interest in and to Biltres Staffing's Collateral, which includes but is not limited to, the Assigned Accounts and all other Accounts, equipment and inventory, deposit accounts, certificates of deposit, and notes. In connection with said security interest, Biltres Staffing consented to the signing and filing by TemPay of any and all necessary UCC financing statements. True and correct copies of the UCC Financing Statements filed by TemPay related to Biltres Staffing are attached hereto as **Composite Exhibit C.**

15. Several months after the parties executed the April 2011 Agreement, Otto Biltres approached TemPay and requested an increase in the cash advance percentage, and asked that his wife be removed as a guarantor of the April 2011 Agreement, claiming that she no longer had any involvement and/or interest in Biltres Staffing.

16. As of October 10, 2011, Biltres Staffing owed TemPay $3,294,953.14, a significant portion of which remains unpaid. Constandina Biltres, at a minimum, is personally liable for this amount owed as of October 10, 2011.

17. On or about October 10, 2011, TemPay and Biltres Staffing entered into a Master Factoring Agreement (the "October 2011 Agreement"). Pursuant to the October 2011 Agreement, the cash advance percentage increased to 90% and Constandina Biltres was removed as a guarantor of the Agreement. Otto Biltres signed the October 2011 Agreement as President of Biltres Staffing, and personally guaranteed the performance of the October 2011 Agreement. A true and correct copy of the October 2011 Agreement is attached hereto as **Exhibit D.**

18. Shortly after entering into the October 2011 Agreement, TemPay became suspicious of Otto Biltres' business activities. Specifically, Biltres Staffing's invoices for the

Biltres Staffing customers continued to increase weekly, with no periodic variation in the amount of business Biltres Staffing was bringing in or in the amount of employees Biltres Staffing was placing with the four customers.

19. Further, several weeks ago Otto Biltres contacted Brian Keuper, Client Relations Manager of TemPay, to inform him that two customer payments would not clear.

20. TemPay then began an investigation into Biltres Staffing and Otto Biltres. In connection with said investigation, TemPay asked Otto Biltres for contact information for the Biltres Staffing customers so TemPay could contact the customers directly to discuss their accounts.

21. In response, Biltres provided email addresses for employees who allegedly worked for the Biltres Staffing customers. Specifically, Biltres provided contact information for "Marty Jones," who allegedly worked at RBA Print Communications, for "JoAnne Wilson," who allegedly worked for Aluminum Coils, Inc., for "Sharon Beverly," who allegedly worked for Lennar Manufacturing, a division of Lennar Homes, and for "Ray Augustine," who allegedly worked for Miller Contracting.

22. When TemPay contacted the employees using the contact information provided by Otto Biltres, the purported employees affirmed that they had outstanding invoices with Biltres Staffing and confirmed the amounts due and owing.

23. Despite assurances from the purported employees, TemPay remained wary. When TemPay received the next payment from Miller Contracting, it noticed that the account number on the check was identical to the account number TemPay had on file for Biltres Staffing. Indeed, the account number listed for Miller Contracting is the very account into which TemPay wires Biltres Staffing's weekly cash advance payments.

24. After discovering these discrepancies, TemPay began to dig deeper. To aid in the investigation, TemPay independently obtained contact information for the Biltres Staffing customers. When TemPay contacted the Biltres Staffing customers using the contact information TemPay independently obtained, none of them had ever heard of Otto Biltres, had ever worked with Biltres Staffing, and had no record of the employees Otto Biltres identified. True and correct copies of correspondence received from RBA Print Communications and Aluminum Coils, Inc. denying a relationship with Biltres Staffing are attached hereto as **Composite Exhibit E.**

25. TemPay then discovered that Otto Biltres filed fictitious name notifications in Florida for RBA Print Communications and Aluminum Coils. Copies of said fictitious name filings are attached hereto as **Composite Exhibit F.**

26. TemPay also determined that Otto Biltres owns the "customer" email addresses he provided to TemPay, and that "Marty Jones," "JoAnne Wilson" and "Sharon Beverly" are actually employees of Biltres Staffing and/or Otto Biltres.

27. Further, TemPay discovered that all of the purported Biltres Staffing customers maintain bank accounts at Bank of America, and upon information and belief, all of said accounts are owned and/or controlled by Otto Biltres and/or Constandina Biltres. Based on Otto Biltres' representations that he is currently unable to repay the monies owed TemPay from said accounts, TemPay strongly believes Defendants have already dissipated and/or converted said monies and other assets.

28. Despite Otto Biltres' false representations that his wife no longer has any interest and/or involvement in Biltres Staffing, Constandina Biltres remains the only listed

manager/member of Biltres Staffing. A copy of Biltres Staffing's Florida Department of State, Division of Corporations limited liability filing is attached hereto as **Exhibit G.**

29. When confronted by TemPay, Biltres denied any knowledge of the fraudulent invoices, bank accounts, fictitious name filings, or the fictitious employees.

30. However, following TemPay's investigation, it is now clear that the Biltres Defendants have engaged in a long term scheme to defraud TemPay.

31. The Biltres Defendants' total current outstanding balance is $2,929,286.64, with a total currently owed to TemPay of $2,706,455.69.

32. All conditions precedent to the institution and maintenance of this action have occurred, have been performed, or have been waived.

## COUNT I: FRAUD
### (As to Otto Biltres, Constandina Biltres and Biltres Staffing)

33. TemPay realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. This is an action for fraud against the Biltres Defendants.

35. The Biltres Defendants knowingly made numerous false statements to TemPay concerning material facts.

36. Specifically, the Biltres Defendants fraudulently represented that Aluminum Coils, Inc., Lennar Manufacturing, Inc., Miller Contracting, Inc., and RBA Print Communications were customers of Biltres Staffing.

37. In fact, these entities are not customers of Biltres Staffing. With respect to some of these alleged customers, the Biltres Defendants, in an effort to deceive TemPay, registered fictitious names to perpetrate their fraud.

38. Further, throughout the parties' relationship, Defendants knowingly prepared and provided fraudulent invoices from the Biltres Staffing customers to induce TemPay to purchase said invoices.[1] In actuality, none of the Biltres Staffing customers were independent companies that did business with Biltres Staffing and, and as such, did not owe the amounts listed on the invoices. The invoices were pure fraud created by Defendants to swindle money from TemPay.

39. Otto Biltres and/or Constandina Biltres knowingly and intentionally invented the Biltres Staffing customers and fraudulent invoices to induce TemPay to enter into the April 2011 Agreement and later, the October 2011 Agreement. Further, the Biltres Defendants used the fraudulent customers and invoices to secure a more favorable cash advance percentage from TemPay, and to induce TemPay to agree to remove Constandina Biltres as a guarantor of the Agreement, thereby reducing the potential personal liability of Otto and Constandina Biltres.

40. In furtherance of his fraudulent scheme, Otto Biltres provided false employee names and contact information to TemPay. Otto Biltres informed or directed the purported employees to inform TemPay that the Biltres Staffing customers did in fact do business with and owe Biltres Staffing the amounts indicated on the falsified invoices.

41. The Biltres Defendants created and maintained at least six different bank accounts at Bank of America, including but not limited to, accounts in the names of each of the Biltres Staffing customers. The Biltres Defendants held, owned and controlled all of these accounts into which TemPay transferred its cash advances, and from which the Biltres Staffing customers purportedly paid their invoices to TemPay.

---

[1] In connection with these invoices, the Biltres Defendants affirmed, through executing the Agreement, that "[a]ll documents relating to the [Biltres Staffing customers] are genuine and constitute the legally valid and binding obligations of the parties thereto."

42. Due to the fraud perpetrated in connection with the bank accounts owned and/or controlled by the Biltres Defendants, there is a high likelihood that Defendants have transferred, hidden or otherwise disposed of the funds deposited by TemPay in those accounts, or that they will do so in the near future.

43. The Biltres Defendants knew that each of the above actions and statements were false.

44. The Biltres Defendants intended for their false statements and misrepresentations to induce TemPay to enter into the April 2011 Agreement and later, the October 2011 Agreement, to remove Constandina Biltres as a Guarantor of the Agreement, to purchase the Biltres Staffing customers' accounts, to provide cash advances for the fraudulent invoices and to take other action to its detriment.

45. TemPay relied on the Biltres Defendants' false representations and actions to its detriment.

46. In knowingly making the false statements of material fact, Otto Biltres acted in his individual capacity as well as in his capacity as an authorized agent of Biltres Staffing and Constandina Biltres.

47. As a direct and proximate result of Defendants' fraud, TemPay has been damaged.

48. Injunctive relief is necessary and proper because there is a substantial likelihood that Defendants will attempt to dispose of or hide the money TemPay provided to Biltres Staffing, which rightly belongs to TemPay.

49. The issuance of an injunction will prevent irreparable harm to TemPay and will not cause unfair loss to Defendants or result in any injury or inconvenience to the public.

WHEREFORE, TemPay respectfully requests that this Court: (1) enter an emergency temporary injunction directing that Defendants: (a) refrain from directly or indirectly spending, moving, transferring, secreting, assigning, conveying, destroying, encumbering, liquidating, mortgaging, selling, or in any other manner disposing of assets resulting from the money paid by TemPay to Biltres Staffing, specifically including but not limited to, the monies in the six Bank of America accounts; and (b) freeze all accounts and assets owned and/or controlled by Biltres Staffing, Otto Biltres and/or Constandina Biltres, including but not limited to, the six accounts at Bank of America identified herein; (2) enter judgment against the Biltres Defendants, together with all damages, costs, prejudgment interest, and (3) order such other and further relief as this Court deems appropriate and just.

## COUNT II: FRAUD IN THE INDUCEMENT
### (As to the October 2011 Agreement)

50. TemPay realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

51. This is a cause of action for fraud in the inducement against the Biltres Defendants, seeking to set aside the October 2011 Agreement.

52. Defendants have committed multiple acts of fraud in connection with the October 2011 Agreement.

53. Specifically, Defendants falsely represented that Aluminum Coils, Inc., Lennar Manufacturing, Inc., Miller Contracting, Inc., and RBA Print Communications were customers of Biltres Staffing.

54. Further, throughout the parties' relationship, Defendants knowingly prepared and provided fraudulent invoices from the Biltres Staffing customers to induce TemPay to purchase said invoices.

55. Otto Biltres and/or Constandina Biltres knowingly and intentionally invented the Biltres Staffing customers and fraudulent invoices to induce TemPay to enter into the October 2011 Agreement. The Biltres Defendants used the fraudulent customers and invoices to secure a more favorable cash advance percentage from TemPay, and to induce TemPay to agree to remove Constandina Biltres as a guarantor of the Agreement, thereby reducing the potential personal liability of Otto and Constandina Biltres.

56. In knowingly making the false statements of material fact, Otto Biltres acted in his individual capacity as well as in his capacity as an authorized agent of Biltres Staffing and Constandina Biltres.

57. Defendants' intended for their false statements of material fact to induce TemPay to enter into the October 2011 Agreement and to remove Constandina Biltres as a guarantor of the Agreement.

58. But for Defendants' false statements, TemPay would not have entered into the October 2011 Agreement.

59. TemPay relied on Defendants' false representations to its detriment.

60. As a direct and proximate result of Defendants' fraud, TemPay has been damaged.

WHEREFORE, TemPay respectfully requests that this Court enter an order rescinding the October 10, 2011 Agreement, enter judgment against the Biltres Defendants, together with all damages, costs and prejudgment interest, and for such other and further relief as this Court deems appropriate and just.

## COUNT III: BREACH OF CONTRACT
### (Biltres Staffing)

61. TemPay realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

62. This is a cause of action for breach of the April 2011 Agreement against Biltres Staffing.

63. Biltres Staffing breached the April 2011 Agreement by failing and refusing to pay the amounts due and owing TemPay despite request to do so.

64. As a result of Biltres Staffing's breaches as alleged herein, TemPay has been damaged.

WHEREFORE, TemPay respectfully requests that this Court enter judgment against Biltres Staffing, together with all damages, costs, prejudgment interest, and for such other and further relief as this Court deems appropriate and just.

## COUNT IV: BREACH OF GUARANTY
### (Otto Biltres)

65. TemPay realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

66. This is a cause of action for breach of the April 2011 Guaranty against Otto Biltres.

67. Otto Biltres breached the April 2011 Guaranty by failing to make payments owed by Biltres Staffing to TemPay despite request to do so.

68. As a result of Otto Biltres' breaches as alleged herein, TemPay has been damaged.

WHEREFORE, TemPay respectfully requests that this Court enter judgment against Otto Biltres, together with all damages, costs, prejudgment interest, and for such other and further relief as this Court deems appropriate and just.

### COUNT V: BREACH OF GUARANTY
### (Constandina Biltres)

69. TemPay realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

70. This is a cause of action for breach of the April 2011 Guaranty against Constandina Biltres.

71. Constandina Biltres breached the April 2011 guaranty by failing to make payments owed by Biltres Staffing to TemPay despite request to do so.

72. As a result of Constandina Biltres' breaches as alleged herein, TemPay has been damaged.

73. Constandina Biltres is liable for amounts due and owing TemPay through and including October 10, 2011, and to the extent TemPay prevails on its fraud count, is liable for the total amount currently due and owing TemPay.

WHEREFORE, TemPay respectfully requests that this Court enter judgment against Constandina Biltres, together with all damages, costs, prejudgment interest, and for such other and further relief as this Court deems appropriate and just.

### COUNT VI: VIOLATION OF THE FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT
### (As to Otto Biltres, Constandina Biltres and Biltres Staffing)

74. TemPay realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

75. This is a cause of action against Defendants for violations of the Florida Deceptive and Unfair Trade Practices Act, *Fla. Stat.* § 501.201, *et seq.*

76. Defendants have knowingly and intentionally committed unfair and/or deceptive acts in connection with their business transactions with TemPay. Specifically, as alleged herein, Defendants committed numerous acts of fraud in connection with the April 2011 and October 2011 Agreements with TemPay, including but not limited to, false representations regarding Biltres Staffing customers, invoices from said customers, misrepresentations regarding the customers' purported employees, and fraud in connection with various bank accounts held by Defendants.

77. As a direct and proximate result of Defendants' conduct, TemPay has been damaged and will continue to suffer damages if not awarded injunctive relief.

78. TemPay's injuries are not fully compensable by monetary damages and thus, also warrant injunctive relief.

79. TemPay has retained the undersigned counsel and is entitled to its reasonable attorneys' fees and costs pursuant to *Fla. Stat.* § 501.2105.

WHEREFORE, TemPay respectfully requests that this Court: (1) enter an emergency temporary injunction directing that Defendants: (a) refrain from directly or indirectly spending, moving, transferring, secreting, assigning, conveying, destroying, encumbering, liquidating, mortgaging, selling, or in any other manner disposing of assets resulting from the money paid by TemPay to Biltres Staffing, specifically including but not limited to, the monies in the six Bank of America accounts; and (b) freeze all accounts and assets owned and/or controlled by Biltres Staffing, Otto Biltres and/or Constandina Biltres, including but not limited to, the six accounts at Bank of America identified herein; (2) enter an order preliminarily and permanently enjoining

Defendants from engaging in the unfair, deceptive and fraudulent trade practices set forth herein; (3) enter judgment against Defendants, together with all damages, attorneys' fees, costs, prejudgment interest; and (4) order such other and further relief as this Court deems appropriate and just.

Dated: December 9, 2011

/s/ *signature*
CHARLES M. HARRIS
Florida Bar No. 967459
cmharris@trenam.com
EDWARD B. CARLSTEDT
Florida Bar No. 0136972
ecarlstedt@trenam.com
STEPHANIE S. LEUTHAUSER
Florida Bar No. 0044981
sleuthauser@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
Bank of America Plaza, Suite 2700
101 E. Kennedy Boulevard
Tampa, Florida 33602
(813) 223-7474 / (813) 229-6553 (facsimile)
Attorneys for Plaintiff

I understand that I am swearing or affirming under oath to the truthfulness of the above facts set forth in this Verified Complaint for Injunctive Relief and Damages and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

_12-9-11_
Date

_[signature]_
Larry Holstein
President, TemPay Inc.

STATE OF OHIO
COUNTY OF _Cuyahoga_

Before me, personally appeared Larry Holstein, who produced _DL_ as identification, and who, after being duly sworn, affirmed that the facts contained herein are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED TO ME on this _9_ day of December, 2011.

_[signature] Judith F. Fishman_
Notary Public
Judith F. Fishman
my commission expires 3-1-16

16