UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TEMPAY INC.,**

    **Plaintiff,**

vs.                                                                                  Case No. 8:11-cv-2732-T-27AEP

**BILTRES STAFFING OF TAMPA BAY, LLC,
OTTO BILTRES, CONSTANDINA I.
BILTRES, and PFG LOANS, INC.,**

    **Defendants,**

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for An Award of Attorneys' Fees and Memorandum of Law in Support (Dkt. 143). Defendants Biltres Staffing of Tampa Bay, LLC ("Biltres Staffing"), Otto Biltres, and Constandina Biltres (collectively, the "Biltres Defendants") have filed objections to the Motion (Dkt. 148). TemPay was ordered to file detailed billing records in support of its Motion (Dkt. 183), which it submitted on August 28, 2013 (Dkt. 191). Defendants filed a Supplemental Response (Dkt. 217). Upon consideration, Plaintiff's Motion for An Award of Attorneys' Fees is GRANTED.

TemPay asserted claims against Biltres Staffing and the Biltres Defendants for fraud, fraud in the inducement, breach of contract, violations of the Florida Deceptive and Unfair Trade Practices Act, and violations of the Florida RICO Act. (*See* Dkt. 32.) TemPay also asserted a fraudulent transfer claim against the Biltres Defendants and PFG Loans, Inc. (*Id.*) Summary judgment was entered against Otto Biltres, Biltres Staffing, and PFG Loans on each of TemPay's claims. (Dkt.

1

128.) The remaining issues of the liability of Constandina Biltres and damages were tried before the Court on June 4, 2013. (Dkt. 136.) Judgment on liability was granted in favor of TemPay on all counts of the Complaint. (Dkt. 141.) Damages against Biltres Staffing and the Biltres Defendants were awarded in amounts ranging from $1,150,588.60 to $2,769,135.57. (*Id.*) Damages against Biltres Staffing, the Biltres Defendants, and PFG Loans, Inc. were awarded in the amount of $28,569.43 on TemPay's fraudulent transfer claim. (*Id.*) Judgment on entitlement to and amount of attorneys' fees and taxable costs was reserved. (*Id.*)

TemPay now requests reasonable attorneys' fees in the amount of $355,268.60 against Biltres Staffing and the Biltres Defendants pursuant to Section 8.1 of the April 20, 2011 Master Factoring Agreement, the Guaranty signed by the Biltres Defendants, and Florida Statute § 501.2105. (Dkt. 143 at 1.) Defendants do not object to Plaintiff's entitlement to attorney's fees. (Dkt. 148 at 1.)

## AMOUNT OF ATTORNEYS' FEES AND COSTS

### A. The Lodestar Method

The starting point in determining a reasonable award of attorney's fees is calculating the "lodestar," which is the number of hours reasonable expended multiplied by a reasonable hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Dial HD, Inc. v. ClearOne Commc'ns., Inc.*, 2013 WL 5225435, at *2 (11th Cir. Sep. 18, 2013). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

   *i.   Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*

*v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotes omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 Fed App'x 198, 202 (11th Cir. 2012). In determining the reasonableness of the hourly rate, the court may consider the twelve Johnson factors.[1] *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The court may also consider its own knowledge and experience in its determination of a reasonable fee. *Norman*, 836 F.2d at 1303. Work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

TemPay submits the affidavit of Charles M. Harris to support its fees request. (Dkt. 143 at 14-17.) TemPay proposes the following reasonable hourly rates for its attorneys and one paralegal: (1) $375 per hour for Charles Harris, a shareholder of Trenam Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. with twenty-one years of experience; (2) $230 per hour for Stephanie Leuthauser, an associate at Trenam Kemker with five and one half years of experience; (3) $220 per hour for Adam Butkus, an associate with four years of experience; (4) $330 per hour for Ed Carlstedt, a shareholder with thirteen years of experience; and (5) $190 per hour for Suzan Martin, a paralegal with more than twenty years of experience. (*Id.* at 10, 15-16.) Defendants do not object to these hourly rates and the Court finds that they are reasonable.

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*ii.     Number of Hours Reasonably Expended*

TemPay submits 1,302 hours as the reasonable number of hours. (Dkt. 143 at 17.) TemPay's billing records (Dkt. 196-1) contain the breakdown of these house with descriptions of the work performed. Defendants object to three categories of hours expended: (1) fees for time Plaintiff's counsel spent conferring with the United States Attorney's Office and other federal authorities; (2) time spent researching and preparing a lawsuit against Bank of America; and (3) time spent for items that have been redacted.[2] (Dkt. 217 at 2.)

"An attorney is not entitled to be paid in a case for the work he or another attorney did in some other case." *Barnes*, at 430. Thus, TemPay will not be awarded fees for time spent conferring with the United States Attorney's Office and other federal authorities or for time spent researching and preparing a lawsuit against Bank of America.

As to time spent for items that have been redacted, TemPay will be awarded the portion of its fees associated with billing entries which contain sufficient particularity to assess reasonableness of the time expended. *See id.* TemPay, as the applicant for attorneys' fees and costs, bears the burden of documenting the time spent on litigation and must provide specific and detailed evidence from which a determination of the reasonableness of the hourly rates for the work performed can be made. *See Barnes*, 168 F.3d at 427; *Norman*, 836 F.2d at 1299. However, "objections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). Because many of the redacted entries make it difficult, if not impossible, to determine whether the time associated with

---

[2] Defendants submit a copy of TemPay's billing records with the time entries to which they object highlighted. (Dkt. 217-1.)

those entries is objectionable as time spent conferring with the United States Attorney's Office and other federal authorities and/or on the Bank of America lawsuit, TemPay has not met its burden, and Defendants consequently are unable to challenge with precision those entries. Thus, the redacted time entries that do not exclude the possibility that the time was spent conferring with the United States Attorney's Office or other federal authorities or on the Bank of America lawsuit are not included in the fee award.[3] The fully redacted entries are also not included.

Based on a review of TemPay's billing records, fees for the following hours which the Court finds to be reasonable, are awarded:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Charles Harris | 319.6 | $375 | $119,850.00 |
| Stephanie Leuthauser | 712.4 | $230 | $163,852.00 |
| Ed Carlstedt | 21 | $330 | $6,930.00 |
| Adam Butkus | 0 | $220 | $0 |
| Suzan Martin | 77.25 | $190 | $14,677.50 |
| | | **TOTAL:** | **$305,309.50** |

Based on the foregoing, Plaintiff's Motion for An Award of Attorneys' Fees (Dkt. 143) is **GRANTED** to the extent that Plaintiff TemPay, Inc. is awarded $305,309.50 in attorneys' fees. The Clerk is directed to enter judgment awarding Tempay's attorneys' fees as set forth above.

**DONE AND ORDERED** this 30th day of October, 2013.

JAMES D. WHITTEMORE
United States District Judge

---

[3] TemPay did not request an in camera review of these entries, nor did it request an opportunity to respond to Defendants' objections. There are a number of unredacted entries to which Defendants object that include a "Ms. Calderon." However, Defendant's objection is not specific enough for this time to be excluded.