UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEMPAY, Inc.,
an Ohio corporation,

    Plaintiff,

v.                                                 Case No. 8:11-cv-2732-T-27AEP

BILTRES STAFFING OF TAMPA
BAY, LLC, a Florida limited liability
Company, OTTO BILTRES and
CONSTANDINA I. BILTRES, and PFG
LOANS, INC., a California corporation,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff Tempay, Inc.'s Motion to Tax Costs (Dkt. No. 144) and Supplemental Motion to Tax Costs (Dkt. No. 229). Defendants have not responded to either motion. By its motions, Plaintiff seeks an award taxing costs against Defendants Biltres Staffing of Tampa Bay, LLC, Otto Biltres, and Constandina Biltres in the amount of $30,470.94. (Dkt. No. 144, Ex. A.) For the reasons that follow, I recommend that Plaintiff's request for costs be granted in part and denied in part.[1]

### I. Procedural Background

Plaintiff brought this action against Biltres Staffing of Tampa Bay, LLC ("Biltres Staffing"), and Otto and Constandina Biltres (collectively, the "Biltres Defendants") alleging

---

[1] Although the District Judge referred the Motions for disposition (Dkt. Nos. 144, 229), under Local Rule 6.01(c)(18), a magistrate judge cannot enter an order that would be appealable if entered by a district judge. *See also* 28 U.S.C. § 636. Accordingly, the undersigned has submitted a report and recommendation.

claims for fraud, fraud in the inducement, breach of contract, breach of guaranty, violations of the Florida Deceptive and Unfair Trade Practices Act, and violations of the Florida Racketeer and Corrupt Organizations Act. (Dkt. No. 32.) Plaintiff also asserted a claim against the Biltres Defendants and PFG Loans, Inc. ("PFG Loans") for fraudulent transfer. (Dkt. No. 32.)

On February 11, 2013, Plaintiff filed a motion for summary judgment as to all claims. (Dkt. No. 96.) In response to Plaintiff's motion for summary judgment, Biltres Staffing, Otto Biltres, and PFG Loans conceded that Plaintiff was entitled to summary judgment on the issue of liability,[2] but disputed the amount of damages owed to Plaintiff. (Dkt. No. 128 at 2.) Constandina Biltres denied liability as to all claims. (Dkt. No. 128 at 2.) On May 15, 2013, the Court issued an order granting in part and denying in part Plaintiff's motion for summary judgment. (Dkt. No. 128.) Specifically, the Court granted summary judgment on Plaintiff's claims against Otto Biltres, Biltres Staffing, and PFG loans. (Dkt. No. 128.) However, with regard to Plaintiff's claims against Constandina Biltres, the Court granted summary judgment as to the breach of guaranty claim, but denied summary judgment as to the remaining claims. (Dkt. No. 128.) The Court also denied Plaintiff's motion for summary judgment regarding the extent of its damages. (Dkt. No. 128.)

Thereafter, on June 4, 2013, a bench trial was held on Plaintiff's remaining claims against Constandina Biltres and the amount of Plaintiff's damages, and the Court found in favor of Plaintiff on all claims, awarding Plaintiff damages against the various Defendants, which included amounts of $28,569.43, $1,150,588.60, and $2,769,135.67, plus pre-judgment interest. (Dkt. Nos. 141, 142.) Plaintiff then filed this Motion to collect its taxable costs. (Dkt. No. 144.) On August 26, 2013, the Court issued an Order directing Plaintiff to supplement its Motion to include a breakdown of the copy costs it sought to collect under its

---

[2]Otto Biltres did not concede liability on the fraudulent transfer claim.

2

original motion. (Dkt. No. 194.) Plaintiff filed a Supplemental Motion on September 19, 2013. (Dkt. No. 229.) Defendants have not filed a response to Plaintiff's Motion or Supplemental Motion opposing the amount of taxable costs sought by Plaintiff.

## II. Standard for Awarding Costs

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))). Following a bench trial, judgment was entered in favor of Plaintiff on all counts. (Dkt. Nos. 141, 142.) Thus, Plaintiff is the prevailing party in this case and is entitled to costs under Rule 54(d). *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989))).

A strong presumption exists in favor of awarding costs, unless the district court decides otherwise. *Durden*, 2010 WL 2105921, at *1 (citations omitted); *see Arcadian Fertilizer, L.P. v. MPW Indus. Svcs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The district court's discretion in not awarding all costs is limited; the district must articulate a sound reason for not awarding full costs. *Chapman*, 229 F.3d at 1038-39 (citations omitted); *Durden*, 2010 WL 2105921, at *1 (citations omitted). "However, a court may only tax costs

3

as authorized by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

### III. Analysis

Here, Plaintiff seeks reimbursement for total costs of $30,470.94 comprising: (1) $350 for fees of the Clerk; (2) $3,310 for fees paid for service of summons and subpoena; (3) $1,970 for fees paid for printed or electronically recorded transcripts necessarily obtained for use in the case; (4) $8,955.75 for fees paid for exemplification and the costs of making copies

of any materials where the copies are necessarily obtained for use in the case; and (5) $15,885.19 for "other" costs. (Dkt. No. 144, Ex. A.)

**1. Fees of the Clerk**

First, Plaintiff seeks reimbursement in the amount of $350 in filing fees. (Dkt. No. 144, Ex. 1.) Fees of the clerk and marshal are recoverable under section 1920(1). Accordingly, it is recommended that Plaintiff be awarded $350 in costs for fees of the Clerk.

**2. Fees for Service of Summons and Subpoenas**

Second, Plaintiff seeks reimbursement for the service of summons and subpoenas in the amount of $3,310. (Dkt. No. 144, Ex. A.) Such costs may be taxed pursuant to section 1920(1). *W & O, Inc.*, 213 F.3d at 624 (noting that summons and subpoenas are generally served by private process servers rather than the marshal, and, therefore, payment of fees for services previously performed by the marshal are recoverable under section 1920(1)). However, such costs may only be taxed to the extent they "do not exceed the statutory fees authorized in section 1921," which is $55 per hour for each item served, plus travel costs and out-of-pocket expenses. *Id.*; 28 C.F.R. § 0.114(a)(3). Here, several of the process-serving fees sought by Plaintiff exceed the statutory maximum, and Plaintiff did not document its process servers' costs or expenses in serving the thirty-four subpoenas for which it seeks reimbursement (*see* Dkt. No. 144, Ex. 2); thus, Plaintiff is entitled to the recoverable fee of $55 per item or the actual amount charged, whichever is less. *See Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012) (citing *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649-50 (S.D. Fla. 2007)). Moreover, "'[r]ush fees' are not compensable" and multiple charges for attempting to serve the same individual or entity at different addresses will not be awarded. *Id.* (quoting *James*,

242 F.R.D. at 650). Thus, Plaintiff's request for costs based on the service of subpoenas should be reduced by $885 and Plaintiff should be awarded $2425.[3]

**3. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

Third, Plaintiff seeks reimbursement in the amount of $1,970 for transcription costs incurred in conducting eleven depositions. (Dkt. No. 144, Exs. A, 3.) Generally, section 1920(2) authorizes taxation of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Costs for transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under section 1920(2). *See, e.g.*, *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012). However, "where the deposition

---

[3]Namely, the court reduced the following fees to $55: $90 for service on Bank of America on December 14, 2011; $90 for subpoena service on First Premier Bank on December 31, 2011; $90 for subpoena service on Department Stores National Bank on December 31, 2011; $190 for subpoena service on Mercedes-Benz Financial Services on December 31, 2011; $60 for subpoena service on PFG Loans, Inc. on January 3, 2012; $90 for subpoena service on Barclay's Bank Delaware on January 5, 2012; $60 for subpoena service on American Express Company on January 5, 2012; $60 for subpoena service on HSBC Card Services on January 5, 2012; $60 for subpoena service on Citigroup, Inc. on January 5, 2012; $60 for subpoena service on Southeast Personnel Leasing, Inc. on January 19, 2012; $90 for subpoena service on Southeast Toyota Finance on January 23, 2012; $60 for subpoena service on The Point Agency, Inc. on January 23, 2012; $60 for subpoena service on FINCO Financial Corporation on January 24, 2012; $100 for subpoena service on SWS Group, Inc. on January 24, 2012; $120 for subpoena service on Keziah Grasso on January 25, 2012; $80 for subpoena service on Jessica Clifford on January 25, 2012; $60 for subpoena service on Lennar Homes, LLC; $60 for subpoena service on PFG Loans, Inc. on March 3, 2012; $60 for subpoena service on Jewelers Mutual Insurance Co. on March 13, 2012; $60 for subpoena service on World Omni Financial Corp. on March 13, 2013; and $100 for subpoena service on Tempworks Software, Inc. on March 16, 2013. The court also reduced the $450 fee for subpoena service on Jessica Roser on June 7, 2013, to $110 because the invoice reflects that it took two hours to serve the party; Plaintiff was not compensated for rush fees or other unspecified fees.

costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O, Inc.*, 213 F.3d at 621.

Eight of the deposition transcripts for which Plaintiff seeks reimbursement were of witnesses listed on Plaintiff's witness lists or were included as exhibits at trial. (*See* Dkt. Nos. 89, 133, 135, 137.) Therefore, the costs of those eight deposition transcripts are recoverable. However, as to the deposition of Marc Mellman, Plaintiff seeks to recover $10 for shipping and handling. (Dkt. No. 144, Ex. 3.) Because costs associated with shipping are not recoverable under section 1920, Plaintiff's award of costs for the deposition of Marc Mellman should be reduced by $10. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (stating that postage fees are not recoverable costs under section 1920).

As to the remaining three deposition transcripts, Plaintiff wishes to collect the costs of preparing transcripts associated with the depositions of Charles Harris, counsel for Plaintiff, Todd Foster, counsel for Biltres Staffing and Otto Biltres, and Mary Danielowich, controller for the law firm of Cohen & Foster, P.A. Because Plaintiff failed to inform the court of the purpose for which these three depositions were conducted and the record contains no evidence regarding the purpose of these depositions, the Court can only guess that the depositions of these individuals were taken in relation to Plaintiff's Motion for Disgorgement of Payments Made by Defendants to Cohen & Foster (Dkt. No. 49). Nevertheless, while the Court should not have to make guesswork as to the taxable costs sought by Plaintiff, "[g]iven that both parties presumably have equal knowledge of the basis for each deposition," and Defendants have not opposed the costs sought by Plaintiff, Plaintiff should be reimbursed for the transcription costs of these three depositions. *Perkins v. Tolen*, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, at *2 (M.D. Fla. July 13, 2012).

Accordingly, Plaintiff's request for costs for deposition transcripts should be reduced by $10 and Plaintiff should be awarded $1,960.

**4. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case**

Next, Plaintiff requests $8,955.75 for costs associated with making copies of materials where the copies were "necessarily obtained for use in the case." (Dkt. No. 144, Ex. A.) Such fees are recoverable costs provided that Plaintiff presents evidence establishing the nature of the documents and how they were used or intended to be used in the case. 28 U.S.C. § 1920(4); *Palmer v. Johnson*, No. 2:09-cv-604-FTM-29, 2012 WL 4512918, at *4 (M.D. Fla. Oct. 2, 2012). Typically, "'[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable.'" *Gordon v. Beary*, No. 6:08-cv-73-Orl-36KRS, 2012 WL 3291699, at *2 (M.D. Fla. July 27, 2012) (quoting *Desisto Coll, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). On the other hand, "[c]opies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable." *Id.*

With regard to this request, the Court issued an order directing Plaintiff to supplement its Motion to include a breakdown of the copy costs for which it seeks reimbursement. (Dkt. No. 194.) Plaintiff filed a Supplemental Motion, averring that the copy costs for which it seeks reimbursement were related to the costs for duplication of more than 35,000 pages of exhibits used during trial. (Dkt. No. 229 at 2.) In support of its assertion, Plaintiff attached a billing statement reflecting the amount charged for "document reproduction" during the month of trial. (Dkt. No. 229, Ex. A.) The billing statement shows a charge of $11,178.25 for 44,713 copies (a cost of $.25 cents per page); however, Plaintiff asserts that it wishes only

to collect for a portion of those copy charges reflecting the exhibits prepared for trial, which amounts to $8,955.75 (or 35,823 copies at $.25 cents per page). (Dkt. No. 229 at 2-3.) Although Plaintiff asserts that its copy costs of $8,995.75 are attributable to its copies of trial exhibits, Plaintiff provides no further explanation of the voluminous 35,823 pages that were supposedly copied.[4] As such, Plaintiff's showing is insufficient, and, under other circumstances, the undersigned would recommend that Plaintiff's request be denied in its entirety. Notwithstanding Plaintiff's inadequate showing, because Defendants have not raised any objections to the copy costs sought by Plaintiff and Plaintiff's request is partially supported by the record, Plaintiff should be awarded the reasonable cost of its 35,823 copies. *See Perkins*, 2012 WL 3244512, at *2-3.

While Plaintiff should be awarded some amount for its copy costs, the $8,995.75 requested by Plaintiff is simply unreasonable on the evidence presented. The reasonable market rate for copies accepted in this jurisdiction is $.10 to $.15 cents. *See, e.g.*, *id.*; *Somogy v. Astrue*, No. 3:08–cv–269–J–TEM, 2011 WL 250575, at *8 (M.D. Fla. Jan. 25, 2011); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1336 (S.D. Fla. 2009). Here, the evidence presented by Plaintiff indicates that Plaintiff charged copies at a rate of $.25 cents per page; in light of the market rate for copies generally accepted by courts in the Middle District, Plaintiff should only recover $3,582.30 (or 35,823 copies at $.10 cents per copy).

**5.     Other Costs**

Last, Plaintiff requests $15,885.19 in "other" costs. (Dkt. No. 144, Ex. 5.) Namely, Plaintiff seeks reimbursement for: (1) $325 mediation fee; (2) $3,300 for a forensic

---

[4]The Court notes that Plaintiff's exhibit list provides partial support for its assertion of the copy costs incurred. (*See* Dkt. Nos. 133, 137.) Nevertheless, even with this evidence, it is difficult for the Court to discern which copies were "necessarily obtained for use in the case" and which copies were merely made for the convenience of counsel.

9

accountant; (3) $2,318.96 in subpoena production costs and witness fees; and (4) $9,941.23 for a private investigator. (Dkt. No. 144, Ex. 5.)

As to the mediation fee, it is well settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under section 1920. *See, e.g.*, *Lane v. G.A.F. Material Corp.*, No. 8:11-cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013). Thus, Plaintiff should not be awarded the $325 mediation fee.

Plaintiff also seeks to recover $3,300 expended to hire the forensic accounting firm Gregory, Sharer & Stuart to analyze financial discovery. (Dkt. No. 144, Ex. 5.) Essentially, Plaintiff requests reimbursement for an expert witness fee. However, such expert witness fees, unless the expert is court-appointed, are not taxable under section 1920. *See, e.g.*, *Duckworth*, 97 F.3d at 1399; *North v. Mayo Grp. Dev., LLC*, No. 3:11-cv-444-J-32JBT, 2013 WL 3461912, at *3 (M.D. Fla. July 9, 2013). Hence, Plaintiff should not be awarded $3,300 for fees paid to Gregory, Sharer & Stuart.

Next, Plaintiff seeks reimbursement for $2,278.96 expended in obtaining copies of documents produced in response to subpoenas and $40 for a witness fee charged to Plaintiff by Bank of America to attend a hearing on August 24, 2012. (Dkt. No. 144, Ex. 5.) Technically, the costs expended in obtaining copies of materials produced in response to subpoenas fall within section 1920(4), i.e. "copies of any materials where the copies are necessarily obtained for use in the case." As such, costs for the materials produced in response to subpoenas are recoverable provided Plaintiff can show that the materials were obtained for use in the case. Nevertheless, "[t]he party seeking recovery of photocopying costs 'must come forward with evidence showing the nature of the documents copied,

10

including how they were used or intended to be used in the case. . . . A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.'" *Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-cv-747-FtM-36SPC, 2011 WL 7092657, at *5 (M.D. Fla. 2011) (quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)). Unlike the copy costs requested above, here, Plaintiff provides no explanation whatsoever regarding the intended or actual use of the documents obtained by subpoena. Furthermore, several, if not all of the invoices, include charges for non-taxable items, such as fees for research or retrieval of documents or fees for postage. Therefore, the lack of objection cannot rescue Plaintiff's deficient request, and the $2,278.96 requested by Plaintiff for document reproduction costs related to subpoenas should be denied. Nonetheless, Plaintiff is entitled to recover its witness fees under section 1920(3), and Plaintiff should be reimbursed for the $40 witness fee paid to Bank of America for attending a hearing on August 24, 2012.

Last, Plaintiff seeks to recover $9,941.23 for fees incurred for hiring a private investigator. Such fees, however, are not taxable as costs under section 1920. *See, e.g.*, *Mayo Grp., LLC*, 2013 WL 3461932, at *3; *Lewis v. City of Bradenton Beach*, No. 8:11-cv-18-T-30AEP, 2013 WL 173394, at *1 (M.D. Fla. Jan. 16, 2013); *Diamond Heads, LLC v. Everingham*, No. 8:07-cv-462-T-33TBM, 2011 WL 3269685, at *2 (M.D. July 29, 2011).

In accordance with the above discussion, of the "other" costs requested by Plaintiff, the undersigned recommends that Plaintiff only be awarded $40 for the witness fee paid to Bank of America and that the remaining costs be disallowed.

## IV. Conclusion

Accordingly, and for the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Tax Costs (Dkt. No. 144) and Supplemental Motion to Tax Costs (Dkt. No. 229) be GRANTED in part and DENIED in part, to the extent that Plaintiff should be awarded costs in the amount of:

| | |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for service of subpoenas | $2,425.00 |
| Fees for Transcripts | $1,960.20 |
| Copy Costs | $3,582.30 |
| Other Costs | $40 |
| TOTAL | $8,357.50 |

IT IS SO REPORTED in Tampa, Florida, this 1st day of November, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Honorable James D. Whittemore

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon

grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc).